# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| **TROY DALE BURTON** | **CIVIL ACTION NO. 15-488-P** |
| **VERSUS** | **JUDGE HICKS** |
| **THOMAS STRATTON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Troy Dale Burton ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 27, 2015. Plaintiff is currently incarcerated at the Bossier Transitional Work Program in Plain Dealing, Louisiana. He names Thomas Stratton and the Louisiana Department of Corrections, Probation and Parole as defendants.

Plaintiff claims he was convicted of DWI and released on parole. He claims a conflict of interest exists between he and his parole officer Thomas Stratton. He claims Stratton believes that he had an affair with his wife in 2008. He claims Stratton did not recuse himself as his parole officer in 2012. He claims his son and Stratton's son are best friends and have been for years. He also claims Stratton did not recuse himself as his parole officer in 2013 when he received a promotion to Sex Offender Supervisor.

Plaintiff claims Stratton is trying to violate him for defending himself in a misdemeanor case because of his personal feelings about him.  He claims that on November 11, 2014, Stratton invoked a parole hold on him for a misdemeanor offense of disturbing the peace.  He claims he was convicted on December 3, 2014 and sentenced to 15 days.  He claims that on January 23, 2015, Stratton manipulated his paperwork to the parole board.  He claims he changed a Rule #4 violation to a Rule #8 violation.  He claims he was sentenced to completion of a 6-month SHISAP Program.

Accordingly, Plaintiff seeks to have Stratton investigated, removed as his supervisor and placed on administrative leave without pay, punitive damages, monetary compensation, and to be placed on parole.

## LAW AND ANALYSIS

### Heck Claim

Plaintiff is seeking monetary damages and injunctive relief for an allegedly unconstitutional parole revocation and sentence.  The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).  Heck is also applicable to claims for injunctive relief that imply the invalidity of the conviction or

sentence. <u>Kutzner v. Montgomery County</u>, 303 F.3d 339, 340-41 (5th Cir.2002).   <u>Heck</u> involved a civil rights claim brought by a state prisoner.  The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.  The holding in <u>Heck</u> has been extended to parole revocation proceedings. <u>Littles v. Bd. of Pardons and Paroles Div.</u>, 68 F.3d 122, 123 (5th Cir. 1995).

When a claim comes within the parameters of the <u>Heck</u> teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.  <u>See</u> <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages and injunctive relief for civil rights violations under Section 1983; therefore, he must prove that his parole revocation or sentence has been invalidated.  He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his parole revocation or sentence has been invalidated.

**Habeas Claim**

Plaintiff seeks an immediate or speedier release from incarceration and to be placed on parole.  Although Plaintiff submitted his claim on the standardized civil rights complaint form, it is incumbent upon this court to determine preliminarily whether the facts alleged establish a claim under 42 U.S.C. § 1983 of the Civil Rights Act, or whether the claim is one which must be pursued initially in a <u>habeas</u> corpus proceeding.  This determination is made by focusing on "the scope of relief actually sought." <u>Alexander v. Ware</u>, 417 F.2d 416, 419 (5th Cir. 1983); <u>Serio v. Members of the La. State Bd. of Pardons</u>, 821 F.2d 1112, 1117 (5th

Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of <u>habeas</u> <u>corpus</u>.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).  In accordance with this guideline, the United States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined." <u>Serio</u>, 821 F.2d at 1117 (citing <u>Fulford v. Klein</u>, 529 F.2d 377, 381 (5th Cir. 1976), <u>adhered to en banc</u>, 550 F.2d 342 (1977)).  Plaintiff is challenging his sentence and his claim clearly falls within the strictures of this guideline.

However, <u>habeas</u> relief is unavailable to Plaintiff at this time.  Although such relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States,"  28 U.S.C. § 2254, the right to pursue <u>habeas</u> relief in federal court is not unqualified.  It is well settled that a petitioner seeking federal <u>habeas</u> <u>corpus</u> relief cannot collaterally attack his state court conviction or sentence in federal court until he has exhausted all available state remedies.  <u>See</u> 28 U.S.C. § 2254(b)(1)(A); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); <u>Minor v. Lucas</u>, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations.  <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971); <u>Rose v. Lundy</u>,

455 U.S. 509 (1982).  From the information provided in Petitioner's petition, it does not appear that he has challenged his parole revocation in the state court system. Therefore, Plaintiff is not entitled to <u>habeas</u> relief at this time because he has failed to exhaust his state court remedies.

## CONCLUSION

Because Plaintiff filed this proceeding <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  <u>See</u> 28 U.S.C. § 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  <u>See</u> <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint seeking monetary damages and injunctive relief for his allegedly unconstitutional parole revocation be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the <u>Heck</u> conditions are met and that Plaintiff's request for <u>habeas</u> relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the

date of this Report and Recommendation, file a memorandum that sets forth arguments on

whether a certificate of appealability should issue.

      **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 28th

day of July, 2016.

Mark L. Hornsby
U.S. Magistrate Judge